IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SHARI L. GRIFFIN,

Plaintiff,

vs.

HY-VEE, INC.,

Defendant.

**8:25CV465**

**FINAL PROGRESSION ORDER (AMENDED)**

The Court grants Defendant's Motion to Continue Progression Order, Filing No. 27. Upon conferring with counsel, Plaintiff is unopposed.

Accordingly,

IT IS ORDERED that the final progression order is amended as follows:

1) The trial and pretrial conference will not be set at this time. The status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings currently set for January 12, 2027 is continued and will be held with the undersigned magistrate judge on **May 11, 2027** at **10:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is November 18, 2026. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by December 2, 2026.

**Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

| | |
|---|---|
| For the plaintiff(s): | January 13, 2027. |
| For the defendant(s): | February 10, 2027. |
| Plaintiff(s)' rebuttal: | March 31, 2027. |

4) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is April 21, 2027.

5) The deadline for filing motions to dismiss and motions for summary judgment is June 16, 2027.

6) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is April 28, 2027.

7) Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

8) All other deadlines and provisions in the Court's prior final progression orders not amended herein remain unchanged.

Dated this 28th day of August, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.